Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                               Case No.: _____17-10060_____

Keith W. Nelms & Kathleen P. Nelms        Judge: _____MBK_____

                                                     Chapter:              13

              Debtor(s)

## Chapter 13 Plan and Motions

☒  Original            ☐  Modified/Notice Required        ☒  Discharge Sought

☐  Motions Included    ☐  Modified/No Notice Required      ☐  No Discharge Sought

Date: _____January 17, 2017_____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOUR SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

| **Part 1:    Payment and Length of Plan** |
|---|

a.  The debtor shall pay $ _____534_____ per _____month_____ to the Chapter 13 Trustee, starting on _____February 1, 2017_____ for approximately _____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒     Future earnings

☐     Other sources of funding (describe source, amount and date when funds are available):

1

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☒  Loan modification with respect to mortgage encumbering property:
Description: 119 Driftwood Lane, Lanoka Harbor, NJ 08734
Proposed date for completion: _____August 1, 2017_____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:   Adequate Protection

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ __1099.79/270.00__ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Wells Fargo/Bank of America_____ (creditor).

## Part 3:   Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| George E. Veitengruber | Attorney Fees | $2,000.00 |
| IRS | Taxes | unknown |
| State of New Jersey | Taxes | unknown |

## Part 4:   Secured Claims

**a.  Curing Default and Maintaining Payments**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 119 Driftwood Lane Lanoka Harbor NJ 08734 | $22,634.91 | 5.5% | $0.00 | $1099.79 |
| Bank of America | | $69,971.35 | 5.125% | $0.00 | $270.00 |

**b.  Modification**

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c.  Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

3

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

Ally Financial

**e. Secured Claims to be Paid in Full Through the Plan**:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:   Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

**Part 7:    Motions**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   **a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

   **b.  Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

   **c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions

2) Administrative Fees_____

3) Secured Creditors_____

4) Priority Claims_____

5) Unsecured Creditors

**d.  Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

| Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐   Yes   ☒   No |
|---|

## Part 10:   Sign Here

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: January 17, 2017_____        /s/ George E. Veitengruber, III, Esq._____
                                                     Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: January 17, 2017_____        /s/ Keith W. Nelms_____
                                                     Debtor

Date: January 17, 2017_____        /s/ Kathleen P. Nelms_____
                                                     Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                      Case No. 17-10060-MBK
Keith W. Nelms                                                              Chapter 13
Kathleen P. Nelms
        Debtors

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin              Page 1 of 1              Date Rcvd: Jan 18, 2017
                             Form ID: pdf901          Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 20, 2017.
db/jdb        +Keith W. Nelms,   Kathleen P. Nelms,   119 Driftwood Lane,   Lanoka Harbor, NJ 08734-2816
cr            +THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO,   C/O KOURY TIGHE LAPRES BISULCA & SOMMERS,
               1423 Tilton Road, Suite 9,   Northfield, NJ 08225-1857
516576918     +Bank of America Home Loans,   7105 Corporate Drive,   Plano, TX 75024-4100
516576920     +Capital One,   P.O. Box 71083,   Charlotte, NC 28272-1083
516576921     +First Credit Services,   377 Hoes Lanes,   Suite 200,   Piscataway, NJ 08854-4155
516576922     +First Data Merchant Svcs,   4000 Coral Ridge Drive,   C-230,   Pompano Beach, FL 33065-7614
516576924     +Lane Bryant,   P.O. Box 182789,   Columbus, OH 43218-2789
516576925     +N.J. Division of Taxation,   Bankruptcy Section,   P.O. Box 245,   Trenton, NJ 08695-0245
516576926     +Ocean County Sheriff's Office,   120 Hooper Avenue,   P.O. Box 2191,
               Toms River, NJ 08754-2191
516576927     +Phelan Hallinan Diamond & Jones PC,   400 Fellowship Road,   #100,
               Mount Laurel, NJ 08054-3437
516576930     +Wells Fargo Bank N.A.,   1 Home Campus,   MAC X2303-01A,   Des Moines, IA 50328-0001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jan 18 2017 23:38:24     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 18 2017 23:38:22     United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
516576919     +E-mail/Text: bankruptcy@usecapital.com Jan 18 2017 23:39:25     Capital Accounts LLC,
               P.O. Box 140065,   Nashville, TN 37214-0065
516576923      E-mail/Text: cio.bncmail@irs.gov Jan 18 2017 23:37:55     Internal Revenue Service,
               P.O Box 970011,   Saint Louis, MO 63197
516576928      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 18 2017 23:43:56
               Portfolio Recovery Associates,   120 Corporate Boulevard,   Suite 100,   Norfolk, VA 23502
516576929      E-mail/Text: bankruptcy@senexco.com Jan 18 2017 23:37:19     Senex Services,
               3333 Founders Road,   2nd Floor,   Indianapolis, IN 46268
                                                                                            TOTAL: 6

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516576917     ##+Amerassit AR Solutions,   8415 Pulsar Place,   Suite 250,   Columbus, OH 43240-4033
                                                                               TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 20, 2017                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 17, 2017 at the address(es) listed below:
          Albert  Russo   docs@russotrustee.com
          Denise E. Carlon   on behalf of Creditor   THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK
          AS SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE FOR THE CWABS
          REVOLVING HOME EQUITY LOAN TRUST, SERIES 2004-Q dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          George E Veitengruber, III   on behalf of Debtor Keith W. Nelms Gveitengruberesq@gmail.com,
          knapolitano15@gmail.com
          George E Veitengruber, III   on behalf of Joint Debtor Kathleen P. Nelms
          Gveitengruberesq@gmail.com,   knapolitano15@gmail.com
          U.S. Trustee.   USTPRegion03.NE.ECF@usdoj.gov
                                                                               TOTAL: 5